UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CARLA B., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 20-51PAS |
| | : | |
| ANDREW M. SAUL, | : | |
| Commissioner of Social Security, | : | |
|     Defendant. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On October 22, 2020, the Court ordered that judgment should enter in favor of Plaintiff Carla B. on her disability claim and remanded the matter for further proceedings. ECF No. 20. Now pending before the Court is her motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). ECF No. 23  The parties agree that EAJA fees should be awarded, that the appropriate hourly rate is $207.53 and that the total of $9,268.28 provides for full settlement in satisfaction of any and all claims through the date of the filing of the motion. The parties disagree only on to whom the payment should be directed. In addition, Plaintiff seeks an additional award of $363.18 for work done in connection with her reply to the Commissioner's opposition to the motion.

Citing <u>Astrue v. Ratliff</u>, 560 U.S. 586 (2010), the Commissioner contends that EAJA fees must be payable to the prevailing party and not to the prevailing party's attorney, and that such fees are subject to offset to satisfy any preexisting debt the prevailing party may owe to the government. While Plaintiff does not dispute that proposition, she argues that the award may be paid directly to an attorney where an offset is not called for and the litigant has assigned the right to payment to the attorney. See <u>Adams v. SSA Comm'r</u>, Civil No.: 2:12-cv-00385-NT, 2013

U.S. Dist. LEXIS 130283, *2-3 (D. Me. Sept. 12, 2013).  To support this argument, she proffers a copy of such an assignment executed by Plaintiff in this case.  ECF No. 25-1.  She asks the Court to order the Commissioner promptly to determine whether Plaintiff owes any debt to the government that is subject to offset.  If she does not, the Court should order the Commissioner to pay the fees directly to Rhode Island Legal Services (as required by the assignment).  If the Commissioner determines that she does owe a federal debt subject to offset, the Court should order the Commissioner to pay any attorney's fees remaining after offset to Plaintiff rather than to Rhode Island Legal Services.  See, e.g., Robert L. v. Saul, No. 1:19-cv-00297-LEW, 2020 U.S. Dist. LEXIS 83805 (D. Me. May 12, 2020); Lagasse v. Berryhill, Civil No. 17-cv-212-JD, 2018 U.S. Dist. LEXIS 99688, *2 (D.N.H. June 14, 2018); Zayas v. Colvin, Case No. 15-cv-30225-KAR, 2016 U.S. Dist. LEXIS 127247 (D. Mass. Sept. 19, 2016).

Based on the foregoing, the Court hereby orders that Plaintiff's motion for EAJA attorney's fees (ECF No. 23) is granted in the amount of $9,631.46.  The Court further orders that the Commissioner shall promptly determine whether these fees are subject to offset to satisfy any preexisting debt that Plaintiff may owe to the government.  If the Commissioner determines that Plaintiff does not have outstanding debts to the federal government that offset this award, then the Commissioner shall issue the award directly to Rhode Island Legal Services (as required by the assignment).  If the Commissioner determines that Plaintiff owes the government any debt subject to offset, the Commissioner shall notify Plaintiff of the offset amount and shall pay any attorney's fees remaining after such offset to Plaintiff rather than to counsel.

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
December 8, 2020